UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRANSPORTATION INSURANCE
COMPANY and NATIONAL FIRE
INSURANCE COMPANY OF HARTFORD,
both Illinois companies, and as Insurers and
Subrogees of The Dailey Company,

        Plaintiffs

                                              Case No.: 3:08-cv-15018

-vs-

                                              Hon.  Julian Abele Cook

CITIZENS INSURANCE COMPANY OF
AMERICA, a Michigan corporation, and
Insurer of Giannola Masonry Company.

        Defendant.

_____/

**DEFENDANT CITIZENS INSURANCE COMPANY
OF AMERICA'S ANSWER TO COMPLAINT,
ALONG WITH AFFIRMATIVE AND OTHER DEFENSES**

        Defendant CITIZENS INSURANCE COMPANY OF AMERICA (hereafter "Citizens")

by its undersigned counsel in answer to the Complaint states as follows:

**PARTIES, JURISDICTION AND VENUE**

        1.      Admitted upon information and belief, with the exception that upon information

and belief, National Fire Insurance Company of Hartford is incorporated in Connecticut.

        2.      Admitted.

        3.      Admitted, with the exception that the named insured was "Giannola Masonry

Contractors", not Giannola Masonry Company.

        4.      Admitted, with the exception that the word "inclusive" in the allegation should be

"exclusive".

5.      Admitted.

## GENERAL ALLEGATIONS

6.      Admitted, with the understanding that the referenced subcontract speaks for itself in its entirety.

7.      Admitted that the subcontract contains paragraph 11, including 11.1 and 11.6, which speak for themselves in their entirety; denied that the Complaint accurately quotes the excerpts of those provisions.

8.      Admitted, with the understanding that the contract provision speaks for itself in its entirety, and that in line 6 of the Complaint quotation, where it indicates "under the" it should read "under this".

9.      Neither admitted nor denied in the manner and form alleged due to vagueness; in further answer, admitted only that Citizens entered into a commercial general liability policy with Giannola Masonry Contractors which was in effect on June 26, 2007, and which speaks for itself in its entirety, and that Citizens has a copy of such policy.

10.     Denied in the manner and form alleged; in further answer, admitted only that the Dailey-Giannola subcontract sets forth additional insured requirements in Section 5.5 and that the certificate of liability insurance attached to the Complaint references Dailey as an additional insured, subject to the terms and provisions of the referenced insurance policy; and in further answer, Dailey was not an additional insured for the injury at issue since the insurance policy would only insure Dailey with respect to Giannola's work for Dailey, and the underlying claim in the *Perez* suit does not meet that requirement.

11.     Denied in the manner alleged; answer to paragraph 10 is incorporated herein by reference; in further answer, the certificate of insurance and the referenced Citizens insurance policy speak for themselves, and the certificate is subject to policy provisions; in further answer, denied that Dailey would be an additional insured under the Citizens policy for $6 million in excess or umbrella liability coverage.

12.     Denied in the manner and form alleged; in further answer, admitted only that the allegation correctly quotes a portion of paragraph 5.a. in form CG8520(04/02), but denied that under the facts in this case Dailey was an additional insured; answer to paragraph no. 10 is incorporated herein to the extent applicable as well.

13.     Admitted upon information and belief, based upon the underlying *Perez* suit attached as an exhibit to the Complaint.

14.     Admitted.

15.     Denied in the manner and form alleged; in further answer, the underlying *Perez* suit speaks for itself and Dailey's liability did not arise out of or was not connected with the performance of Giannola's work.

16.     No contest, except as to the allegation of "pursuant to the language contained within the subcontract" neither admitted nor denied for lack of sufficient information upon which to form a belief, and denied that Dailey is entitled to indemnity as alleged.

17.     No contest, with the exception that as to the allegation "pursuant to its additional insured status", neither admitted nor denied in the manner alleged for lack of sufficient information upon which to form a belief, and denied that Dailey has additional insured status as alleged.

- 3 -

18.     Neither admitted nor denied in the manner alleged for lack of sufficient information upon which to form a belief; in further response, upon information and belief there was not a denial of the tender and request for coverage but while such request was being considered, a settlement agreement was reached in the *Perez* case, along with an agreement between the parties to this action to resolve and preserve certain claims for indemnification and/or defense.

19.     Neither admitted nor denied in the manner alleged as incorrect and incomplete in part; in further answer, admitted only that The Dailey Company filed an action against Huron Acoustic Tile Company and Giannola Masonry Company, in Macomb County Circuit Court, Case No. 07-5163-CK, relating to the *Perez* case, which pleading speaks for itself in its entirety.

20.     Admitted in part, but denied in part due to vagueness and/or inaccuracy. Admitted that the *Perez* case was resolved for a total of $12 million with $6 million paid by one or both of the plaintiffs herein upon information and belief, $1 million paid by Citizens, and $5 million paid by Selective Insurance Company upon information and belief; and that there was a limited reservation of certain rights between plaintiffs herein and Citizens, subject to the terms of such settlement agreement in their entirety; any other aspects of this Complaint allegation are denied in the manner and form alleged.

21.     Admitted only that there was a settlement agreement reached among certain parties effective as of July 29, 2008, which speaks for itself in its entirety; any allegation to the contrary is denied.

22.     Denied in the manner alleged as incomplete and/or not completely accurate.  In further answer, admitted that attached as an exhibit to the Complaint is the referenced settlement

agreement and that Section 4 of that agreement sets forth certain limited rights of plaintiffs herein to pursue certain claims for additional insured status of Dailey and for contractual indemnity, pursuant to the limitations set forth in the settlement agreement which speaks for itself.

23.     Admitted upon information and belief that the above-referenced action of *The Dailey Company v Huron, et al*. has been dismissed.

24.     Denied in the manner alleged; Citizens' answer to paragraph 22 is incorporated herein by reference to the extent applicable; and in further answer; the limited rights preserved to plaintiffs herein as part of the above-referenced settlement agreement are set forth in Section 4 of that agreement which speaks for itself in its entirety.

**<u>COUNT I</u>**

25.     Citizens incorporates by reference its answers and responses to paragraphs 1 through 24 as though set forth herein.

26.     Denied; the referenced Citizens insurance policy was issued to Giannola, not Dailey, and Dailey is not an additional insured under that insurance policy based upon the requirements of that policy and the underlying facts herein.

27.     Neither admitted nor denied to the extent a legal conclusion is asserted; and Citizens' answer to paragraph 26 is incorporated herein by reference.

28.     Denied.

29.     Neither admitted nor denied to the extent a legal conclusion is asserted; in further response, denied in the manner alleged since plaintiffs have preserved the limited rights set forth in Section 4 of the above-referenced settlement agreement, only.

- 5 -

30.     Denied.

## COUNT II

31.     Citizens incorporates by reference its answers and responses to paragraphs 1 through 30 as though set forth herein.

32.     Denied.

33.     Denied in the manner alleged since Dailey is not entitled to a defense and indemnification of the underlying *Perez* suit pursuant to the Dailey-Giannola subcontract, based upon the provisions and requirements in Section 11.1 of that subcontract, and any other applicable terms and provisions of that subcontract.

34.     Denied in the manner and form alleged; in further answer, Section 4 of the underlying settlement agreement reserves certain limited rights to plaintiffs subject to the Citizens policies and that section speaks for itself in its entirety.

35.     Denied in the manner and form alleged.

36.     Denied in the manner and form alleged; and answer to paragraph 29 is incorporated herein.

37.     Denied in the manner and form alleged.

## COUNT III

38.     Citizens incorporates by reference its answers paragraphs 1 through 37 as though set forth herein.

39.     Neither admitted nor denied since a legal conclusion is asserted.

40.     Admitted, upon information and belief.

41.     Denied that there was any obligation to assume the defense and indemnification of Dailey as alleged; in further response, admitted there is a genuine controversy between the parties to this action to the extent of the issues preserved by the underlying settlement agreement.

42.     Admitted only that there is a genuine controversy between plaintiffs and Citizens to the extent preserved by the underlying settlement agreement and any allegation of a broader extent is denied.

43.     Neither admitted nor denied to the extent a legal conclusion is asserted; in further answer, Citizens asserts that this court should declare that Citizens has no further obligations to plaintiffs or Dailey based upon the terms of the Dailey-Giannola contract, the Citizens insurance policies, the underlying settlement agreement, and applicable facts and law.

## **COUNT IV**

44.     Citizens incorporates by reference its responses to paragraphs 1 through 43 as though set forth herein.

45.     Denied.

46.     Denied.

WHEREFORE, defendant Citizens respectfully requests this Honorable Court deny the relief sought by plaintiff; dismiss this action with prejudice; enter declaratory judgment providing that Citizens owes no further obligations to plaintiffs, as asserted in answer 43 above; together with an award of allowable attorney fees, costs, and such other relief the court deems appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant CITIZENS INSURANCE COMPANY OF AMERICA states that it may rely on the following affirmative and other defenses;

1.      Plaintiffs' claims are or may be barred in total or in part for failure to state a claim upon which relief can be granted, including but not necessarily limited to Count IV in particular, and to the extent the Complaint seeks relief beyond the limited scope preserved by the underlying settlement agreement.

2.      Plaintiffs' claims are or may be barred in total or in part based upon the terms and provisions of the underlying settlement agreement, including but not necessarily limited to Section 4.

3.      Plaintiffs' claims are or may be barred in total or in part based upon the terms and provisions of the Dailey-Giannola contract, including but not necessarily limited to Sections 5.4, 5.5, 11.1.

4.      Plaintiffs' claims are or may be barred in total or in part based upon the terms, exclusions, conditions and other provisions in the Citizens primary insurance policy with Giannola, including but not necessarily limited to form CG8520 (04/02).

5.      Plaintiffs' claims are or may be barred in total or in part based upon the terms, exclusions, conditions and provisions in the Citizens umbrella policy with Giannola, including but not limited to form CU00 01 12 04, Section II, paragraph 3.

6.      Plaintiffs' claims are or may be barred in total or in part based upon the terms and provisions of the certificate of insurance referenced in the Complaint, which is subject to the provisions of the insurance policies.

7.      Plaintiffs' claims are or may be barred in total or in part based upon accord and satisfaction and/or estoppel, and/or waiver, and/or release, including to the extent of any claims beyond those preserved in the underlying settlement agreement.

8.      Plaintiffs' claims are or may be barred in total or in part to the extent of any applicable defenses of Giannola to the underlying *Dailey v Huron, et al.* suit.

9.      Plaintiffs' claims are or may be barred in total or in part to the extent of failure to comply with any conditions precedent to pursuing those claims.

10.     Plaintiffs' claims are or may be barred in total or in part to the extent of any failure to mitigate damages.

11.     Defendant reserves the right to assert additional or amended affirmative defenses as this matter progresses.

WHEREFORE, defendant Citizens respectfully requests this Honorable Court deny the relief sought by plaintiff; dismiss this action with prejudice; enter declaratory judgment providing that Citizens owes no further obligations to plaintiffs, as asserted in answer 43 above; together with an award of allowable attorney fees, costs, and such other relief the court deems appropriate.

KELLEY, CASEY & MOYER, P.C.


By:   s/Timothy F. Casey
      Timothy F. Casey (P31836)
Attorneys for defendant Citizens Insurance
      Company of America
19501 East Eight Mile Road
St. Clair Shores, MI 48080
(586) 563-3500
Email:  tcasey@kcmlaw.com

DATED:   August 10, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRANSPORTATION INSURANCE
COMPANY and NATIONAL FIRE
INSURANCE COMPANY OF HARTFORD,
both Illinois companies, and as Insurers and
Subrogees of The Dailey Company,

        Plaintiffs,

                                           Case No.: 3:08-cv-15018

-vs-

                                           Hon.  Julian Abele Cook

CITIZENS INSURANCE COMPANY OF
AMERICA, a Michigan corporation, and
Insurer of Giannola Masonry Company.

        Defendant.

_____/

## CERTIFICATE OF SERVICE

    I hereby certify that on this 10th day of August 2009, I electronically filed **Defendant Citizens Insurance Company of America's Answer to Complaint, Along with Affirmative and Other Defenses** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

        Carol J. Wilson (P39618)
        Straub, Seaman & Allen, P.C.
        Attorneys for plaintiffs
        4466 Heritage Court, Suite B
        Grandville, MI 49418
        (616) 530-6555
        cwilson@lawssa.com

                                          By:  s/Timothy F. Casey
                                          Timothy F. Casey (P31836)
                                      19501 East Eight Mile Road
                                      St. Clair Shores, MI 48080
                                      (586) 563-3500