UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRANSPORTATION INSURANCE COMPANY
and NATIONAL FIRE INSURANCE COMPANY
OF HARTFORD,

                 Plaintiffs,

                                            Case No. 08-15018
       v.                             Honorable Julian Abele Cook, Jr.

CITIZENS   INSURANCE   COMPANY   OF
AMERICA,

                 Defendant.

<u>ORDER</u>

       This civil action represents the continued litigation between the Plaintiffs, Transportation

Insurance Company ("Transportation") and National Fire Insurance Company of Hartford ("National

Fire"), and the Defendant, Citizens Insurance Company of America ("Citizens") pursuant to a

settlement agreement that was reached in *Perez v. Dailey Co.* (Macomb Circuit Court, Case No. 07-

35330NO). In *Perez*, David Perez Jr. filed a lawsuit against the Dailey Company ("Dailey"), an

insured of the Plaintiffs, and Giannola Masonry ("Giannola"), an insured of the Defendant, after

suffering permanent injuries while employed by Giannola. The Plaintiffs now seek reimbursement

from the Defendant for damages that they paid as a result of the *Perez* litigation.

       Currently before the Court are (1) the Plaintiffs' request for prejudgment interest on the

judgment for $5 million entered by this Court on March 7, 2013; (2) the Defendant's emergency

motion to stay execution of the judgment; (3) the Defendant's motion for stay pending appeal upon

the posting of an insurance policy in lieu of appeal bond; and (4) the Plaintiffs' motion to dissolve

the temporary stay of execution entered by the Court on June 5, 2013.

I.

On June 26, 2007, David Perez, Jr. was seriously injured while working on a construction project in Macomb County for which Dailey was the general contractor. At the time, Perez was employed by Giannola, the masonry contractor on the project. After his injury, Perez filed a lawsuit against several companies, including Dailey. Dailey, in turn, requested indemnification from Giannola and Citizens.

Perez's lawsuit was ultimately resolved for a sum of $12 million. Pursuant to the agreement, the Plaintiffs reserved the right to pursue (1) reimbursement of $6 million paid on behalf of the Dailey Company and (2) 50% of the costs of the defense. The parties eventually agreed to a settlement for 50% of the costs of the defense and $1 million out of the $6 million paid by Dailey.

A bench trial was held to determine whether the Plaintiffs were entitled to reimbursement for the remaining $5 million. On March 7, 2013, this Court entered a judgment for the Plaintiffs in the amount of $5 million. The issue of interest was deferred until after the parties submitted supplemental briefing on the issue. Supplemental briefing was concluded by the end of March 2013.

After an exchange of emails on March 15, 2013, the Defendant believed that an enforceable agreement had been reached by the parties which would postpone any execution of the judgment until after the issue of pre-judgement interest was decided. Several weeks later, on April 5, the Defendant filed a notice of appeal. On June 5, 2013, the Plaintiffs informed the Defendant that unless an appeal bond was filed by June 6, the Plaintiffs would seek to execute the judgment. The Defendant filed an emergency motion to stay and a motion to stay pending appeal upon the posting of insurance policy in lieu of appeal bond. The emergency motion to stay was granted pending

2

briefing by all parties. On June 21, 2013 the Plaintiffs filed a motion to dissolve the emergency stay.

## II.

The Court will first consider the Plaintiffs' contention that they are entitled to pre- and post-judgment interest. The Defendant does not dispute that the Plaintiffs are entitled to postjudgment interest at the rate of 0.17% on the $5 million judgment, or $23.28 per day. However, it maintains that the Plaintiffs are not entitled to prejudgment interest.

The settlement agreement contains a blanket clause in which the Plaintiffs agree to release "any and all claims" against the Defendant arising out of the *Perez* litigation, including "all claims, demands, damages and causes of action of whatsoever kind or nature, either in law or equity, on account of any . . . loss, expense or damages of any kind." ¶ 3(a). A separate limiting provision of the agreement, on the other hand, reserves the right of the Plaintiffs to "continued litigation against [the Defendant] for payment of the $6,000,000 paid by [the Plaintiffs] . . . plus 50% of the costs of the defense of the *Perez* litigation." ¶ 4. This limiting provision appears to have been satisfied. Presently, the parties have reached an agreement regarding $1 million and 50% of the costs of the *Perez* defense, and the Court awarded the Plaintiffs a judgment of the remaining $5 million. The disputed issue is whether the limiting provision caps any award to the Plaintiffs at a total of $6 million, or whether they are entitled to the $6 million plus prejudgment interest.

The Plaintiffs maintain that this agreement limits the theories of recovery available to them, but it places no other limitations on the litigation. They contend that the settlement agreement contemplated "continued litigation" between the parties, including the corresponding rights conferred upon the litigants by statute. Thus, the Plaintiffs maintain that they, as the prevailing parties, are entitled to prejudgment interest pursuant to MCL 600.6013.

3

The Defendant counters that, in addition to limiting the available theories of recovery, the settlement agreement also limits the amount of recovery to a total sum of $6 million. Therefore, the Plaintiffs are not entitled to any additional payments, including an award of prejudgment interest.

In a prior order, this Court determined that "the presence of unambiguous language forecloses any attempt by the Plaintiffs to recover anything other than the $6 million . . . and one half of the defense costs in the *Perez* litigation." (Order at 22, Aug. 17, 2010, ECF 22). Although the issue presented in that order was whether the Plaintiffs were entitled to attorney fees and costs resulting from this litigation, the agreement language compels the same result with respect to the pending request for prejudgment interest. The settlement agreement expressly limits the recovery to the total sum of $6 million. The Plaintiffs' request for prejudgment interest will be denied.

III.

The Court will next address the Defendant's motion for stay pending appeal upon the posting of an insurance policy in lieu of a supersedeas bond. The Federal Rules of Civil Procedure provide that when appealing a judgment, an appellant may stay its enforcement by posting a supersedeas bond. Fed.R.Civ.P.62 (d) This bond requirement has been interpreted by the Sixth Circuit as being necessary only to obtain a stay as a matter of right. *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citing *Federal Prescription Serv., Inc. v. Am. Pharm Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980)). The Rule "does not limit the district court's power to issue unsecured stays through an exercise of its sound discretion." *Federal Prescription Serv., Inc.*, 636 F.2d at 760.

While the Sixth Circuit has not outlined a specific test to guide the decision of a district court when considering whether to grant a request for an unsecured stay, courts have tended to examine the purpose of Rule 62(d). The bond requirement of this Rule serves to protect both parties. *See*

4

*Hamlin v. Charter Tp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998). It protects the appellant from "the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal" while protecting the appellee "from the risk of a later uncollectible judgment and also provid[ing] compensation for those injuries which can be said to be the natural and proximate result of the stay." *Id.* (internal quotation marks omitted). Thus, "Rule 62(d) establishes not only the appellant's right to a stay but also the appellee's right to have a bond posted. Because of Rule 62(d)'s dual protective role, a full supersedeas bond should almost always be required." *Id.*; *see also Pucci v. Somers*, 834 F. Supp. 2d 690, 706 (E.D. Mich. 2011) (quoting *Hamlin*, 181 F.R.D. at 351).

Despite this presumption as it relates to a supersedeas bond, two circumstances exist in which courts are urged to consider foregoing the requirement: namely, where (1) "the [appellant's] ability to pay the judgment is so plain that the cost of the bond would be a waste of money" and (2) "the requirement would put the [appellant's] other creditors in undue jeopardy." *Pucci*, 834 F. Supp. 2d at 707 (quoting *Olympia Equip. Leasing Co. v. Wester Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)); *see also Arban*, 345 F.3d at 409 (affirming decision to grant stay without bond "[i]n light of the vast disparity between the amount of the judgment in this case and the annual revenue of the [defendant]"); *cf. Dubuc v. Green Oak Twp.*, No. 08-13727, 2010 WL 3908616, at *2 (E.D. Mich. Oct. 1, 2010) (preferring an analysis that "looks to whether there are 'extraordinary circumstances' that justify deviating from the bond requirement"). "When an appellant claims its ability to pay the judgment is so obvious that posting a bond would simply be a waste of money, courts have generally required the appellant to present 'a financially secure plan for maintaining that same degree of solvency during the period of an appeal.'" *Hamlin*, 181 F.R.D. at 353 (quoting *Poplar Grove Planting & Refining, Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).

The Defendant submits that a viable alternative to a supersedeas bond is the security of a certified copy of the insurance policy covering this judgment along with a surety affidavit of recognizance obligating it to pay the judgment if it is affirmed on appeal. The Plaintiffs, on the other hand, contend that an insurance policy for which the Defendant is liable does not offer any additional protection should the Defendant be unable to pay the judgment. They request that a stay of execution be granted only in the event that the Defendant files a supersedeas bond or other equivalent security.

According to the Defendant, an insurance policy is regularly used by Michigan state courts as security pursuant to Mich. Comp. Laws § 500.3036, which provides as follows:

> When an appeal is taken from a judgment in a case where it appears to the court that all or a part of the particular liability of the appellant is insured against by a surety company or insurance carrier authorized to do business in this state . . . the court shall not require the appellant to provide an appeal bond or bond to stay execution pending appeal up to the amount of the coverage of the policy or suretyship.

Mich. Comp. Laws § 500.3036. The facts of the case at hand, however, do not meet the requirements of the Michigan statute. The policy which Citizens would like to submit is Citizen's own insurance policy covering its insured, Giannola Masonry Company. Giannola Masonry is not a party to this action and is not liable for any portion of the $5 million. The judgment of $5 million was entered against Citizens. As a result of the judgment, Citizens is legally obligated to pay $5 million. A letter of recognizance issued by Citizens, acknowledging that it is legally obligated to pay $5 million, provides no greater security to the Plaintiffs than the judgment itself.

The Michigan Court of Appeals has confirmed that § 500.3036 does not cover an insurance company appellant. In *McMillan v. Detroit Auto. Inter Ins. Exch.*, 292 N.W.2d 165, 167 (Mich. Ct. App. 1980) it held that when a defendant "is primarily liable on the insurance policies . . . its liability

6

is not 'insured against'" within the meaning of the statute. A defendant also fails to meet the requirements of the statute if it "did not purchase or maintain the policies that it attempted to utilize in lieu of bond." *Id.*

Here, the Defendant is primarily liable on the insurance policy, so its liability is not insured. In order for the Defendant to meet the requirements of the statute, it would be required to obtain an insurance policy for the $5 million judgment from a different qualified insurance carrier. As the insurance policy for which the Defendant is liable provides no additional protection to the Plaintiffs than the judgment itself, the Defendant is in essence requesting a stay of execution without security, or, in other words, a waiver of the appeal bond requirement.

Intended to preserve the status quo, the appeal bond requirement is waived typically only under "exceptional circumstances." Those circumstances tend to be when the appellant demonstrates a disproportionately high income in relation to the judgment or when the appellant has posted cash, accounts receivables, or other assets as security. *See, e.g.*, *Arban*, 345 F.3d at 409; *Olympia Equip. Leasing Co.*, 786 F.2d 794 at 796.

In support of its request, the Defendant notes that it has an "A" rating from A.M. Best Company, a global credit rating service and is approved by the United States Department of Treasury to issue appeal bonds, with a bonding authority of up to $70,169,000. It asserts that "[t]here can be no legitimate concern about [its] solvency." Notwithstanding these assertions, the Defendant has not provided any information regarding its income, nor has it posted any assets as security. As a result, the Court does not believe that the Defendant has proved that this case constitutes "exceptional circumstances" that would justify denying the Plaintiffs the security of a supersedeas bond. The stay of execution will be extended for a period of fourteen (14) days from the date of

2:08-cv-15018-JAC-MJH   Doc # 112   Filed 08/29/13   Pg 8 of 8   Pg ID 2863

entry of this order so that the Defendant may obtain a supersedeas bond.

IV.

For the reasons that have been set forth above, the Court will (1) deny the Plaintiffs' request for pre-judgment interest; (2) deny for reasons of mootness the Defendant's motion for an emergency stay (ECF No. 101); (3) deny the Defendant's motion for a stay pending appeal upon the posting of the insurance policy in lieu of an appeal bond (ECF No. 103); and (4) deny for reasons of mootness the Plaintiffs' motion to dissolve the temporary stay of execution (ECF No. 108). The temporary stay of execution entered by this Court on June 5 (ECF No. 102) is continued for a period of fourteen (14) days from the date of entry of this order in order to permit the Defendant to submit a supersedeas bond.

IT IS SO ORDERED.


Date: August 29, 2013                              s/Julian Abele Cook, Jr.
                                                   JULIAN ABELE COOK, JR.
                                                   U.S. District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 29, 2013.

                                                   s/ Kay Doaks
                                                   Case Manager