UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRANSPORTATION INSURANCE COMPANY
and NATIONAL FIRE INSURANCE COMPANY
OF HARTFORD,

        Plaintiffs,

   v.

CITIZENS INSURANCE COMPANY OF AMERICA,

        Defendant.

Case No. 08-15018
Honorable Julian Abele Cook, Jr.

## ORDER

This civil action represents the continued litigation between the Plaintiffs, Transportation Insurance Company ("Transportation") and National Fire Insurance Company of Hartford ("National Fire"), and the Defendant, Citizens Insurance Company of America ("Citizens") pursuant to a settlement agreement that was reached in *Perez v. Dailey Co.* (Macomb Circuit Court, Case No. 07-35330NO). In *Perez*, David Perez Jr. filed a lawsuit against the Dailey Company ("Dailey"), an insured of the Plaintiffs, and Giannola Masonry ("Giannola"), an insured of the Defendant, after suffering permanent injuries while employed by Giannola. The Plaintiffs now seek reimbursement from the Defendant for the damages that they paid as a result of the *Perez* litigation. Currently before the Court is Citizen's emergency motion for approval of a supersedeas bond and order of stay on appeal.

On March 7, 2013, this Court entered a judgment for the Plaintiffs in the amount of $5 million. Citizens appealed this judgment and requested a stay of execution upon the posting of a

certified copy of the insurance policy that is the subject of this litigation. After considering the Plaintiffs' objection, the Court held that Citizens is not permitted to post as bond its own insurance policy for which it was already liable. In an order dated August 29, 2013, the Court required Citizens to post a supersedeas bond obtained from a different qualified insurance carrier in order to stay execution of the judgment.

Citizens now offers a supersedeas bond obtained from Hanover Insurance Company ("Hanover") in the amount of $5,025,000, which covers the judgment and post-judgment interest. The Plaintiffs object to the filing of this bond, contending that Citizens and Hanover are "affiliated," in that these two companies have shared - and may currently share - the same ownership and control. The Plaintiffs request that Citizens be required to post a bond from a wholly independent insurance carrier. In support of their objection, the Plaintiffs cite *The Hanover Insurance Company v. TMP International, Inc.*, No. 4:04CV668RWS, 2006 WL 13120, *1 (E.D. Mo. Jan. 3, 2006), which detailed a list of ways in which the governance and control of Hanover and Citizens are intertwined. *Hanover* involved a motion to dismiss, which required the court to accept all factual allegations as true. Inasmuch as all of these allegations were not supported by evidence, the Court is unwilling to rely on them for the purposes of this motion.

Citizens, although acknowledging that it and Hanover are part of the Hanover Insurance Group, asserts that the Court should accept the proposed bond because the two insurance carriers are separate companies, incorporated in two different states, and each is separately qualified by the United States Department of Treasury to perform as a surety for federal appeal bonds. Neither party has offered evidence to substantiate its assertions. On the other hand, evidence has been introduced in other cases which tends to support Citizens' contention that Hanover Insurance Group is the

parent company of both Citizens and Hanover, and the two companies are separate entities. *See McCormick v. Hanover Ins. Grp., Inc.*, No. 06-11719, 2006 WL 3543594, at *1 n.2 (E.D. Mich. Dec. 8, 2006).

The purpose of the supersedeas bond is to protect the appellee's award of judgment in the event that the appellant becomes unable to pay. *See Hamlin v. Charter Tp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998). While the Plaintiffs have alleged that the two insurance carriers are "affiliated," they have not established that this relationship impairs Hanover's ability to act as surety for the bond. For example, there is no allegation that Citizens and Hanover share the same bank accounts, finances, or assets, such that the financial condition of one is inextricably intertwined with that of the other. Absent some evidence that Hanover is not a separate entity from Citizens, the fact that the two companies are affiliated is not sufficient to deny Citizen's request.

For the reasons that have been set forth above, the Court will grant Citizen's motion for a stay of execution upon the posting of the proposed supersedeas bond. (ECF No. 117).

IT IS SO ORDERED.

Date: September 24, 2013  s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 24, 2013.

s/ Kay Doaks
Case Manager